E. N. GRAY v. R. KING & Co.　No. 953.
E. N. GRAY v. R. KING & Co.　No. 954.

In a suit for partition between two parties owning a stock of cattle, sheep and horses, and in which the defendant, by contract, has been chargeable with the care of such stock, and where, by writ of sequestration, plaintiff has obtained the possession thereof, it is error to tax the entire costs against defendant, and error to tax as costs against such defendant the expenses of keeping such stock, and the plaintiff is required to account for the increase of such stock pending litigation; and for such errors the case is reversed.

APPEAL from Nueces. Tried below before the Hon. T. C. Barden.

*Terrell & Walker*, for appellant.

*Davis & Murphy*, for appellees.

McADOO, J.—These cases grow out of a contract originally entered into May 6, 1860, between John Levy and E. N. Gray, by which Gray entered into an arrangement to manage a stock ranche belonging to Levy. The contract was to expire in October, 1864.

The contract recited that at its date Levy had six hundred and two head of cattle, twenty-seven mares, and one stallion. Sheep were to be added and the stock horses increased. At the expiration of the contract Gray was to have one-half of all the increase; Levy to have the

wool, but to defray the expense of shearing the sheep. Each to account for any stock used.

At the expiration of the time mentioned in the contract, for some reason the stock was not divided, and Gray continued in charge of the ranche.

May 9, 1865, R. King & Co. bought the interest of Levy. Difficulty arose between the parties, and on October 16, 1866, they signed an agreement to arbitrate "the entire case, with all claims and rights arising therefrom on both sides, and all matters whatever involved in this controversy."

The arbitrators commenced their labors December 5, 1866, and on February 13, 1867, an award was filed. The award became a judgment; appeal was prosecuted to this court, and the judgment was affirmed.

On the return of the mandate, commissioners to partition the stock in accordance with the mandate were appointed, who entered upon their duties.

Then followed a series of sequestrations and injunctions and counter-injunctions, dissolutions of injunctions and reissuance of injunctions, appointments of receivers, etc., until there have been piled up records and bills of costs frightful to behold.

The principal cause of complaint now is, that while the commissioners seem to have been taxing all the costs of the partition, as well as of taking care of and marking and branding the stock for about three years (the stock being practically in the hands of King & Co.), against Gray, yet no part of the increase of stock since the original award of the arbitrators was filed has been allowed to Gray; and this seems to be the fact, the result of which is, that about all of Gray's portion of the stock is taken from him and he is still in debt.

Beyond doubt, until the final decree of partition is rendered, Gray is entitled to his half of the increase,

while he should not certainly be taxed with more than half of the expenses of partition, as well as of the management and care of the stock. Had not the property been taken from him by writ of sequestration as it was, under the contract, it being his *duty* to manage the stock, he would not have been entitled to compensation for the care and management of the stock; but as the stock has, by King & Co., been taken from his control and management by legal process, he cannot be taxed with the entire expense—certainly not with more than half the expense.

For the reasons set forth the cause must be reversed and remanded, with directions to the court below to proceed in accordance with this opinion.

REVERSED AND REMANDED.